UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS FALKINBURG,                  :

    Petitioner,                             :

                                      CIVIL ACTION NO.

v.                                                :

                                      1:05-CV-02369-MHS

ROBERT MUELLER, in his official   :
capacity as the Director of the
Federal Bureau of Investigation,    :

    Respondent.                           :

### ORDER

There are several matters pending before the Court. The Court's rulings are set forth below.

Background

Petitioner, Thomas Falkinburg, alleges that on February 6, 2004, he applied for the position of Intelligence Analyst with the Federal Bureau of Investigation ("FBI"). On August 4, 2004, he received a letter from the FBI informing him that the FBI was offering him a conditional appointment as an Intelligence Analyst at the GS-13 salary level. The appointment was contingent upon a vacancy of the position and successful completion of a

background investigation, personnel security interview, preemployment polygraph examination, and urinalysis drug test.

On October 20, 2004, at the conclusion of the background investigation, petitioner received an appointment letter from the FBI offering him an appointment as an Intelligence Analyst at the GS-13 salary level in the Atlanta Division. Petitioner alleges he accepted the FBI's offer of employment after FBI employee, Jimmy Butts, agreed in a telephone conversation to amend the October 20 letter to include a modified employment start date and to include petitioner's current salary level, GS-13, Step 5. Petitioner agreed to report to work on November 29, 2004.

On November 23, 2004, petitioner contends that FBI employee, Virginia Smith, informed him via telephone that he did not qualify for the Intelligence Analyst position at the GS-13 level because he lacked specific experience in the intelligence field, and instead, he qualified for a position at the GS-12 level. Petitioner declined this offer because he currently worked for the U.S. Department of Education at a GS-13, Step 5 level and would incur a significant loss in income if he accepted a position at the GS-12 level.

AO 72A
(Rev.8/82)

Beginning in March of 2005,[1] petitioner claims that he contacted the FBI's staffing division on numerous occasions to obtain employment as an Intelligence Analyst at the GS-13 salary level, but he has not received any justification from the FBI for the revocation of the GS-13 level appointment. Finally, petitioner contends that FBI employee, Bridgette Class, informed him that the FBI made a mistake when it offered him a position at the GS-13 level, there were no Intelligence Analyst positions available in Atlanta, and that it was not advisable to obtain such a position as an analyst at another FBI location.

Proceeding pro se, petitioner filed a petition for writ of mandamus on September 12, 2005. He requests that the Court issue a writ of mandamus directing Robert Mueller, in his official capacity as the Director of the FBI, to complete the process of appointing petitioner as an Intelligence Analyst stationed at the FBI's Atlanta Division at the salary level of GS-13, Step 5. He seeks attorneys' fees and all costs and expenses. As an alternative, petitioner moves the Court to hold this action in abeyance for a specified period of time so that he can pursue an administrative claim for damages

---

[1] Before this time, attorneys in the FBI's Office of General Counsel offered petitioner a position, but petitioner declined the offer due to the costs of relocating to Washington, D.C. Petitioner is an attorney licensed in the state of Florida.

3

under the Federal Tort Claims Act. If he has not received compensation from the federal government at the end of the administrative claim period, petitioner intends to move the Court for leave to amend his petition for writ of mandamus into a complaint for money damages under the Federal Tort Claims Act.

The government has filed a motion to dismiss the petition for writ of mandamus pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Petitioner has moved for an expedited hearing on this matter and for the Court to issue a ruling on the government's motion to dismiss within twenty working days of the filing of the motion. Petitioner also requests that should the Court deny the government's motion to dismiss, the Court issue a simultaneous order to show cause ordering the government to demonstrate within fifteen days of the Court's order why the petitioner is not entitled to relief.

Discussion

The government argues that petitioner is not entitled to a writ of mandamus because the Civil Service Reform Act ("CSRA")[2] precludes him from obtaining mandamus relief. Even if his petition was not barred by the

---

[2] Codified in various sections of 5 U.S.C.

4

CSRA, the government avers that the FBI had discretion to revoke petitioner's appointment. The government further argues that if the Court denies the writ of mandamus, petitioner is not entitled to have the Court hold the action in abeyance while he pursues a claim under the FTCA because petitioner has not exhausted his administrative remedies.

Petitioner argues in his response[3] that the CSRA does not preempt his right to court proceedings. He contends that he is an "appointee" of the FBI, and federal appointees are not covered by the CSRA. He argues further that the FBI's attempted revocation was not proper because a person with proper appointment authority did not revoke the offer. He claims that the FBI violated a significant internal hiring policy by attempting to revoke its offer orally due to salary reasons instead of due to something in petitioner's background investigation. Finally, petitioner contends that abeyance is proper.

---

[3] Petitioner's response exceeds the page limits as set forth in the Local Rules. In his motion for leave to file excess pages filed after his response, petitioner explains that he was unaware of and unintentionally violated the rules. The Court grants petitioner's motion for leave to file excess pages and instructs petitioner to familiarize himself fully with the Local Rules of this Court before making any further filings.

The CSRA overhauled the civil service system and created "an elaborate new framework for evaluating adverse personnel actions against federal employees." United States v. Fausto, 484 U.S. 439, 443 (1988). According to petitioner, he is not subject to the provisions of the CSRA because he was not an employee with the FBI. Instead, he claims that he was an "appointee" and therefore falls outside the reach of the CSRA.

The Court finds that petitioner is subject to the CSRA. Petitioner was already a federal employee with the U.S. Department of Education when he applied for the FBI position. Pet. for Writ of Mandamus at ¶ 4. In addition, the CSRA specifically includes provisions for job applicants such as appellate rights (5 U.S.C. § 7701), merit system principles requiring that job applicants are to be treated fairly (5 U.S.C. § 2301), prohibited personnel actions with respect to an applicant (5 U.S.C. § 2302), and certain whistleblower actions by applicants (5 U.S.C. § 2303). The CSRA provides that the Office of Special Counsel shall protect employees, former employees, as well as applicants for employment. 5 U.S.C. § 1212. Therefore, even if petitioner had not already been a federal employee with the Department of Education, he was a job applicant within the ambit of the CSRA. Taydus v. Cisneros, 902 F. Supp. 288, 293 (D. Mass. 1995) ("The fact that plaintiff is an applicant for federal

employment rather than a federal employee does not place the alleged wrongdoing outside the scope of the CSRA.").

In enacting the CSRA, Congress replaced a "patchwork system" that had allowed federal employees to bring mandamus actions, inter alia, to district courts with "an integrated scheme of administrative and judicial review." Fausto, 484 U.S. at 445. Allowing petitioner to seek judicial review of his claim before this Court based on his designation as an "appointee" would be a return to the "haphazard arrangements for administrative and judicial review of personnel action" which Congress sought to replace by enacting the CSRA. Id.; Fornaro v. James, 416 F.3d 63, 68-69 (D.C. Cir. 2005). Petitioner cannot circumvent the CSRA and create a more substantial right to review than other federal employees by attempting to create a loophole in the CSRA for appointees. See Sculimbrene v. Reno, 158 F. Supp. 2d 1, 7 (D. D.C. 2001). Thus, as a current employee or as a job applicant, petitioner falls under the CSRA.

The Court points out that it is petitioner's status either as a federal employee or an applicant for federal employment which is central to petitioner's complaints that make him subject to the CSRA. Petitioner's

7

claim challenges the FBI's decision to offer him a lower pay grade and requests that the FBI finish the appointment process. It is not entirely clear which provisions of the CSRA would apply to petitioner. Compare 5 U.S.C. § 2301(b)(2) (all employees and applicants for employment should be treated fairly) and § 2301 (b)(3) (equal pay should be provided for work of equal value), with § 2302(a)(2)(A)((i) and (ix) (prohibited personnel actions including appointment and decisions concerning pay or benefits). However, petitioner falls within the reach of the CSRA because of his status as a federal employee or applicant for federal employment, regardless of the nature of the specific violation involved or whether his claims fit within the CSRA's definition of a "personnel action." See Lombardi v. Small Business Admin., 889 F.2d 959, 961 (10th Cir. 1989); Sculimbrene v. Reno, 158 F. Supp. 2d at 6; see also Bush v. Lucas, 462 U.S. 367, 368 (1983).

The U.S. Supreme Court has "emphatically and conclusively established the preemptive nature of the CSRA," and therefore the CSRA is petitioner's exclusive remedy. See Stephens v. Dep't of Health and Human Servs., 901 F. 2d 1571, 1575-1576 (11th Cir. 1990); see also Dotson v. Griesa, 398 F.3d 156, 179-182 (2nd Cir. 2005) ("federal employees may seek court review for employment actions 'as provided in the CSRA or not at all.'"

(quoting Veit v. Heckler, 746 F.2d 508, 511 (9th Cir.1984))). Petitioner cannot seek supplemental judicial review in the form of mandamus jurisdiction due to the preclusive nature of the CSRA.[4] See Fausto, 484 U.S. at 447-448, 455; Dotson, 398 F.3d at 179-182; Stephens, 901 F.2d at 1576. Finally, the CSRA precludes all other remedies, regardless of whether the CSRA makes a remedy available for petitioner. Sculimbrene v. Reno, 158 F. Supp. 2d at 8. It is the comprehensive nature of the CSRA, not the adequacy of the relief it provides, that requires judicial abstention. Graham v. Ashcroft, 358 F.3d 931, 935 (D.C. Cir. 2004); Lee v. Hughes, 145 F.3d 1272, 1276 (11th Cir. 1998) (exclusion of certain employees from remedies provided in the CSRA does not mean employees are free to pursue other judicial remedies). Accordingly, the Court holds that petitioner's claim is preempted by the CSRA and dismisses this action.

---

[4] Even if petitioner's claims were not preempted by the CSRA, the Court has discretion in deciding to issue a writ of mandamus and issuing a writ is a drastic remedy justified only by exceptional circumstances which are absent here. In addition, petitioner cannot meet his burden because he has not exhausted all other avenues of relief and FBI Director Mueller does not owe him a clear nondiscretionary duty to appoint him to an analyst position at the GS-13, Step 5 level. Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003); see 28 C.F.R. § 0.138 (granting director of FBI authority to take final action in employment matters).

AO 72A
(Rev.8/82)

Conclusion

For the foregoing reasons, the Court GRANTS the government's motion to dismiss [#2]; DENIES petitioner's motion for expedited hearing and the issuance of an order to show cause [#3]; GRANTS petitioner's motion for leave to file excess pages or, in the alternative, to substitute the attached response to the motion to dismiss [#5]; and DISMISSES this action.

IT IS SO ORDERED, this ___ day of January, 2006.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

10

AO 72A
(Rev.8/82)